IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Ashley B. Bennett** | : | **Civil Action No. 20-cv-05841-AB** |
| **Plaintiff,** | : | |
| vs. | : | **Jury Trial Demanded** |
| **North Penn School District, et al.** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **Amy L. Sacks** | : | **Civil Action No. 2:20-cv-06155-JS** |
| **Plaintiff,** | : | |
| vs. | : | **Jury Trial Demanded** |
| **Perkiomen Valley School District, et al.** | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS BENNETT AND SACKS' MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 and L.R. 40.1**

**I.   INTRODUCTION**

These two lawsuits, seeking remedies under the First and Fourteenth Amendments to the United States Constitution, were filed as a result of identically illegal actions on behalf of public school systems more concerned with stifling free speech than following their Constitutional obligations. The <u>Bennett</u> case was, on 20 November 2020, removed and assigned to the Honorable Anita Brody. The <u>Sacks</u> case was, on 7 December 2020,

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

*Bennett v. North Penn School District, et al. & Sacks v. Perkiomen Valley School District, et al.*
<u>Memorandum of Law in Support of Plaintiffs Bennett and Sacks' Motion to Consolidate Pursuant to F.R.C.P. 42 and L.R. 40.1</u>

removed and assigned to the Honorable Chief Judge Juan Sanchez. On 9 December 2020, Magistrate Judge Richard A. Lloret was assigned the <u>Sacks</u> case. As these cases have identical legal issues, consolidation under F.R.C.P. 42 is appropriate.

**II.     COMPARISON OF THE <u>BENNETT</u> AND <u>SACKS</u> LEGAL CLAIMS**

Exhibit "A" is the <u>Bennett</u> complaint; Exhibit "B" is the <u>Sacks</u> complaint. Review of these documents reveals that identical issues of law, and remarkably similar issues of fact, overlap the two matters. In sum, both <u>Bennett</u> and <u>Sacks</u> were longtime educators in two Pennsylvania public school systems; both had the equivalent of tenure for administrators. Both <u>Bennett</u> and <u>Sacks</u>, like many Americans, use social media as a means of communicating their private thoughts and ideas during a presidential election.

Both Bennett and Sacks were disciplined because they posted protected expression on their ***personal social media accounts***. The posts were not constitutionally offensive or even allegedly racist, and were in any case protected by the First Amendment. The reasons given for the discipline in each case was that the conservative viewpoints expressed in the posts were objectionable and conflicted with the Defendants' political positions.

Both <u>Bennett</u> and <u>Sacks</u> were disciplined by their public school employers without due process and with no cause for posting these private postings.

Both Bennett and Sacks have had their decades-long careers as educators destroyed by the identical unconstitutional actions of the public school defendants and their agents.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

2

*BENNETT V. NORTH PENN SCHOOL DISTRICT, ET AL. & SACKS V. PERKIOMEN VALLEY SCHOOL DISTRICT, ET AL.*
<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS BENNETT AND SACKS' MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 AND L.R. 40.1</u>

### III. THE LAW AND APPLICATION TO THE FACTS

    A.    Consolidation as Related Matters Per F.R.C.P. 42 Is Appropriate Given the Identical Legal and Factual Issues.

Federal Rule of Civil Procedure 42 governs when cases can be consolidated and reads as follows:

> Rule 42. Consolidation; Separate Trials
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FRCP 42.

"The power to consolidate related actions falls within the inherent authority of every court 'to control the disposition of the causes on its docket ***with economy of time and effort for itself, for counsel, and for litigants.***'" *Heed on Behalf of Universal Health Services, Inc. v. Miller*, 2018 WL 1532955 (E.D.Pa. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The purpose of consolidation is to 'streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving ***similar legal and factual issues***.'" *In re TMI Litig.*, 193 F.2d 613, 724 (3d Cir. 1999).

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3

*BENNETT V. NORTH PENN SCHOOL DISTRICT, ET AL. & SACKS V. PERKIOMEN VALLEY SCHOOL DISTRICT, ET AL.*
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS BENNETT AND SACKS' MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 AND L.R. 40.1

B. <u>Bennett</u> And <u>Sacks</u> Are "Related Cases" Pursuant To L.R. 40.1(b)(3), as well as Have Identical Legal Claims and Legal Issues, Making Consolidation Per L.R. 40.1(c) Appropriate.

### L.R. 40.1(b)(3)(A) reads as follows:

Civil cases are deemed related when a case filed relates to property included in another suit, or involves the same issues of fact or grows out of the same transaction as another suit, or involve the validity or infringement of a patent involved in another suit.

### L.R. 40.1(c)(2) reads as follows:

If the fact of relationship does not become known until after the case is assigned, the judge receiving the later case may refer the case to the Chief Judge for reassignment to the judge to whom the earlier related case is assigned. If the Chief Judge determines that the cases are related, the Chief Judge shall transfer the later case to the judge to whom the earlier case is assigned; otherwise, the Chief Judge shall send the later case back to the judge to whom it was originally assigned.

In <u>Moore v. Rite Aid Hdqtrs Corp.</u> Civil Action No. 13-1515. (E.D. Pa. Sept. 10, 2013), the Court held that two actions were "related cases" pursuant to L.R. 40.1(b)(3) even though, as here, the parties were different. The Court held that they were nonetheless related because both sets of defendants were alleged to have committed nearly identical violations of the plaintiff's rights using the same software:

> Cases involving the same issue of fact or growing out of the same transaction do not need to be identical, but the central events of the case must have a core of similarity. See <u>Sellers v. Timoney</u>, No. 01-3804, 2002 WL 32348499, *3 (E.D. Pa. Feb. 7, 2002); <u>Meijer, Inc. v. Biovail Corp.</u>, No. 08-2431, 2008 WL 2944648, *3 (E.D. Pa. July 31, 2008) ("[T]he question before the Court is not whether the cases have a logical relationship at some generalized level. The question is whether they involve the `same issue of fact' or arise out of the `same transaction.'") (<u>quoting</u> Local Rule 40.1). The rule promotes judicial efficiency by allowing one judge to hear all cases arising out of one set of facts, <u>Sellers</u>, 2002 WL 32348499, at and prevents parties from being exposed to contradictory judgments when different courts adjudicate the same property, patent, or transaction. See Local Rule 40.1(b)(3)(A).

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

*BENNETT V. NORTH PENN SCHOOL DISTRICT, ET AL. & SACKS V. PERKIOMEN VALLEY SCHOOL DISTRICT, ET AL.*
<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS BENNETT AND SACKS' MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 AND L.R. 40.1</u>

....

> Moore shares a central core of common facts with Goode. Both are putative class actions concerning LexisNexis's employment adjudications using the ESTEEM database. The central legal question in each is whether LexisNexis's employment evaluations, as structured, violate provisions of the FCRA. Whether LexisNexis or its clients are alleged to have violated the FCRA, LexisNexis's practices when collecting information, creating reports, and providing notice are at issue in the two cases. In short, the cases are related because the harm alleged to have been sustained by both putative classes stems from the same facts—the use of LexisNexis's employment adjudication services and whether such conduct violates the FCRA.

Id. The same conclusion was reached in a 2018 Western District of Pennsylvania case, where the parties were different, but the subject matter was so similar that the cases were related. See Access Now, Inc. Ex Rel. New V. Allen Edmonds Corporation, Nos. 17cv0959, 17cv1002 (W.D. Pa. Sept. 13, 2017) (applying local rule similar to E.D.Pa. Local Rule 40.1); see also Brandt v. Sebelius, No. 14cv0681 (W.D. Pa. May 29, 2014) (same).

As the Moore court observed, "[B]y concentrating on how the cases diverge, defendant's arguments miss the mark." Moore, *supra*.

C.  Bennett and Sacks are Ripe for Consolidation Due to the Factual and Legal Similarities Between the Cases

The similarities between Moore and the Bennett/Sacks matters are apparent. Consider that in both the Bennett and Sacks suits the following facts are present:

- Plaintiffs are longtime public school administrators who were employed just miles apart in Montgomery County;
- Plaintiffs posted on their private Facebook accounts about politics and the 2020 presidential election from a conservative viewpoint;
- Plaintiffs were disciplined, threatened, and retaliated against in late June 2020 because of the viewpoints in their posts;

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

5

*Bennett v. North Penn School District, et al. & Sacks v. Perkiomen Valley School District, et al.*
Memorandum of Law in Support of Plaintiffs Bennett and Sacks' Motion to Consolidate Pursuant to F.R.C.P. 42 and L.R. 40.1

- Plaintiffs were authorized in both cases to engage in out of school political commentary by nearly identical board policies 320 (freedom of speech in non-school settings) and 321 (political association), policies which were ignored by the defendants;

- Plaintiffs were subjected to significant deprivations (suspension and termination) without notice or an opportunity to be heard as required by the U.S. Supreme Court's <u>Loudermill</u> decision;

- Plaintiffs were never informed what policies or laws they violated, only vaguely told their speech was offensive;

- Plaintiffs, following the initial deprivations, were never provided written notice of the charges as required by the Public School Code;

- Plaintiffs were threatened with personal and career ruination if they did not consent to resignation, termination, or demotion;

- Plaintiffs were in fact terminated, constructively or otherwise, by the respective school board's in mid-July 2020;

- The Defendant school boards at issue are overwhelmingly liberal democrats whose members voted to remove an administrator based on the content of their political expression.

As in <u>Moore</u>, it is not an exaggeration to say that both sets of Defendants were using the same or similar playbooks when retaliating against the Plaintiffs. Please review and compare Exhibits "A" and "B."

The <u>Bennett</u> and <u>Sacks</u> suits are also legally identical. They involve almost identical violations by Defendants of nearly identical Board Policies (such as 320 and 321) enacted to govern the respective Districts. Both Plaintiffs are alleging highly similar 42 USCA Section 1983 claims for Free Speech Retaliation, Political Association Retaliation, and Due Process violations under the Fourteenth Amendment.

The nearly identical underlying factual predicates—where all conduct occurred in the context of the 2020 presidential campaign—mean that that adjudication of issues such

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

as First Amendment protection, public concern, pre deprivation notice, post deprivation notice, constructive termination, stigma and reputation plus, qualified immunity, punitive damages, and a host of other issues will mirror each other.

Independent of the related nature per L.R. 40.1, the extraordinarily similar legal issues being applied to extraordinarily similar factual predicates militate heavily in favor of consolidation under FRCP 42.

## IV.  CONCLUSION

Given that the factual and legal issues overlap significantly, to prevent inconsistent holdings, and to promote judicial efficiency, the best course of action under Rule 42(a) and Local Rule 40.1 is to consolidate these actions because they involve the same issues of fact (even if they do not arise from the same transaction). This will also greatly simplify motion practice under Rules 12 and 56.  Plaintiffs respectfully request that this Honorable Court grant this Motion and enter the attached Order.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

BY: */s/ James E. Beasley, Jr.*
JAMES E. BEASLEY, JR., ESQUIRE
1125 Walnut Street
Philadelphia, PA 19107

**FRANCIS ALEXANDER LLC**

BY: */s/ AJ Fluehr*
ALFRED J. (AJ) FLUEHR, ESQUIRE
280 N. Providence Road | Suite 1
Media, PA 19063

Dated: 14 December 2020          *Attorneys for Plaintiffs*

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

*BENNETT V. NORTH PENN SCHOOL DISTRICT, ET AL. & SACKS V. PERKIOMEN VALLEY SCHOOL DISTRICT, ET AL.*
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS BENNETT AND SACKS' MOTION TO CONSOLIDATE PURSUANT TO F.R.C.P. 42 AND L.R. 40.1