IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY B. BENNETT, | : | |
| Plaintiff. | : | CIVIL ACTION |
| | : | No. 20-5841 |
| v. | : | |
| | : | |
| NORTH PENN SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

**EXPLANATION AND ORDER**

Plaintiff Ashley B. Bennett ("Bennett") brings suit under 42 U.S.C. § 1983 against Defendants North Penn School District ("North Penn"), North Penn School District Board of School Directors ("Board of Directors"), and members of the Board of Directors and certain employees of North Penn ("Individual Defendants"). Bennett alleges that Defendants violated her constitutional rights when they retaliated against her and forced her to resign after she posted a Facebook message that was critical of Black Lives Matter and supportive of President Donald Trump. Bennett brings three claims against Defendants: 1) a First Amendment free speech retaliation claim; 2) a First Amendment political affiliation retaliation claim; and 3) a Fourteenth Amendment procedural due process claim. Individual Defendants move to partially dismiss Bennett's claims on two grounds.[1]

First, Individual Defendants argue that the members of the Board of Directors should be dismissed because the Complaint does not allege that they have taken any specific action. "A

---

[1] In their reply, Individual Defendants raise new arguments to win dismissal of all claims brought against them. Because it is improper to raise arguments for the first time in a reply brief, they are deemed waived and will not be addressed. *See United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) (declining to address any issues raised for the first time in a reply brief because "[a] reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues"); *Wilson v. Colvin*, 218 F. Supp. 3d 439, 452 (E.D. Pa. 2016) (finding that a magistrate judge "correctly rejected" an argument "raised for the first time in Plaintiff's reply brief" because it was "deemed waived").

1

defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Bennett's allegations include, among others, that Bennett notified the board members via email that she believed she was being forced to involuntarily resign, and the board members participated in a board meeting where they accepted her alleged sham resignation. Because Bennett sufficiently alleges that the board members participated and acquiesced in violating her constitutional rights, I deny the motion to dismiss on this basis.

Second, Individual Defendants argue that Bennett's First Amendment free speech retaliation claim should be dismissed on the basis of qualified immunity.[2] "[Q]ualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Thomas v. Independence Township.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Leveto v. Lapina*, 285 F.3d 156, 161 (3d Cir. 2001)). Qualified immunity under § 1983 shields officials from liability "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A court has discretion to decide which of the two prongs of this analysis it should address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, Individual Defendants only focus on the second prong, the clearly established prong. They argue that they are entitled to qualified immunity because it was not clearly established at the time that retaliating against Bennett for her Facebook post would violate Bennett's First Amendment right of free speech.

---

[2] Individual Defendants, however, do not argue they are entitled to qualified immunity for Bennett's First Amendment political affiliation retaliation claim or Fourteenth Amendment procedural due process claim.

2

In other words, Individual Defendants argue that it was not clearly established at the time that Bennett's post on Facebook, which was critical of Black Lives Matter and supportive of President Donald Trump, was protected speech under the First Amendment. To succeed on a First Amendment retaliation claim, a plaintiff must show her speech is protected by the First Amendment. *Munroe v. Central Bucks School Dist.*, 805 F.3d 454, 466 (3d Cir. 2015), *as amended* (Oct. 25, 2019). A public employee's speech is protected if: (1) the employee spoke as a citizen and not as an employee; (2) the speech involved a matter of public concern; and (3) the government lacks a sufficient reason for treating the employee differently than the general public based on its role as an employer under the *Pickering* balancing test.[3] *Id*.

The first two elements necessary to establish that a public employee's speech is protected are satisfied. Bennett was speaking as a citizen when she posted on her personal Facebook page. Also, her post implicates a matter of public concern because it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). As to third element, the *Pickering* balancing test requires a court to balance the interests of the employee and the public in the speech at issue against "the government's legitimate and countervailing interest, as an employer, in promoting workplace efficiency and avoiding workplace disruption." *Munroe*, 805 F.3d at 472 (internal quotation marks omitted). "The government need not show the existence of actual disruption if it establishes that disruption is likely to occur because of the speech." *Id.* The balancing test "is a fact-intensive inquiry that requires consideration of the entire record, and must yield different results depending on the relative strengths of the issue of public concern and the employer's interest." *Id.*

---

[3] The *Pickering* balancing test was established in *Pickering v. Board of Education*, 391 U.S. 563 (1968).

Individual Defendants argue that qualified immunity applies because it is not clearly established that the *Pickering* balancing test would tilt in favor of Bennett given that the alleged protected speech concerned the Black Lives Matter movement, "a fairly new societal phenomenon," Defs.' Mot. at 9, and the speech caused and was likely to cause disruption. At the motion to dismiss stage where the question is whether qualified immunity is established on the face of the complaint, Individual Defendants are unable to establish the likelihood and extent of the disruption caused by Bennett's speech. Therefore, Individual Defendants have failed to demonstrate that it was not clearly established that Bennett's Facebook post was protected speech under the First Amendment. I deny Individual Defendants' motion to dismiss without prejudice to raise qualified immunity at a later stage of the litigation.

## ORDER

**AND NOW,** this **16th** day of **February, 2022**, it is **ORDERED** that Individual Defendants' Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Procedure 12(b)(6) (ECF No. 3) is **DENIED** without prejudice to raise qualified immunity at a later stage of the litigation.

                            *S/Anita B. Brody*
                            ANITA B. BRODY, J.

Copies **VIA ECF**                                   Copies mailed _____ to: