**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASHLEY B. BENNETT** | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | |
| | : | **CIVIL ACTION NO. 2020-cv-5841** |
| **v.** | : | |
| | : | |
| **NORTH PENN SCHOOL** | : | |
| **DISTRICT, et al.** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**ANSWER TO COMPLAINT**

North Penn School District ("the District"), North Penn School District Board of School

Directors, Dr. J. Mia Kim, Dr. Michael Sean Arney, Dr. Curtis R. Dietrich, Christine Liberaski

Kroznuski, Martina Stoll, Christian Fusco, Dr. Elisha K. Gee, Jonathan M. Kassa, Wanda Lewis-

Campbell, Timothy MacBain, Juliane Ramić, Alfred R. Roesch, III, and Catherine A. Wesley

(collectively the "Defendants") by and through their attorneys, Wisler Pearlstine LLP, hereby

submit this Answer to the specific allegations contained in the Complaint, and in support thereof,

aver as follows:

**Introduction**

1.      Admitted in part, denied in part.  The Defendants admit that Plaintiff was an

employee of the District from August 20, 2013, until July 14, 2020 (the effective date of her

resignation), and that she has a Master's Degree in Special Education.  After reasonable

investigation, the Defendants lack the knowledge or information sufficient to form a belief as to

what Plaintiff's specific job duties and daily tasks were prior to working for the North Penn

School District, what Plaintiff believes that she has dedicated her career to, or how Plaintiff

defines a "stellar career" therefore, those allegations are denied.

{02564265 }1

2.      Denied as stated.  On or about June 25, 2020, members of the District's central administration and Board of School Directors received complaints from administrators, employees, and community members within the District regarding a Facebook post which was made by the Plaintiff.  Due to the extent of the complaints, District Director of Human Resources, Dr. Mia Kim, contacted Plaintiff on June 25, 2020, to schedule a meeting for June 26, 2020.  Dr. Kim met briefly with Plaintiff on June 26, 2020.  Later that same day, Dr. Kim notified Plaintiff through written correspondence that Plaintiff would be placed on paid administrative leave while the District investigated the matter.

On June 26, 2020, the District's Communications Office also issued a statement regarding "comments made on an employee's personal Facebook page which were brought to the administration's attention, how these comments did not align with the District's core values, and how the views expressed conflict with the District's work to develop a community that values diversity."  The statement did not identify the employee by name, title, or position, and it further noted that, "the employee has been placed on paid administrative leave while an investigation is conducted."  The statement was issued in response to both the administration and Board members receiving a request from "North Penn Now" for a responsive statement with regard to an administrator's Facebook post.  The District continued to refer media inquiries to its statement as the inquiries were received, and the District removed the statement on July 7, 2020, as the requests for comment dissipated.

On June 29, 2020, Dr. Kim met with Plaintiff, Plaintiff's then supervisor, Interim Director of Special Education, Dr. Sean Arney, and a representative from Plaintiff's "Act 93" administrative employee group, Dr. Bill Carlin.  These individuals met again on June 30, 2020, and July 1, 2020.  During the July 1, 2020 meeting, Dr. Kim and Plaintiff discussed a potential

resolution in lieu of a Loudermill meeting which the District intended to schedule on July 6, 2020.  Dr. Kim contacted Plaintiff on July 2, 2020, and July 3, 2020, through both e-mail and over the telephone and again reiterated the District's intention to schedule the July 6, 2020 meeting.  On July 6, 2020, Plaintiff failed to attend the meeting.  At no point did Dr. Kim provide updates to the Board of School Directors, and the only members of the administration who were aware of the investigation and Dr. Kim's meetings with Plaintiff were Dr. Dietrich, Dr. Arney, Dr. Carlin, and Assistant Superintendents, Dr. Jenna Rufo and Dr. Todd Bauer.  In or around this same time, District Superintendent, Dr. Curt Dietrich, held conversations with Dr. Rufo, Dr. Bauer, and Dr. Kim regarding whether Plaintiff could be successful in her current position at the District; and Dr. Dietrich's position was that this possibility needed to be explored further through the Loudermill process and Dr. Kim's discussions with the Plaintiff.  Dr. Dietrich intended to fully review all of the facts gathered through Dr. Kim's investigation, and a discipline recommendation would only be made to the Board by Dr. Dietrich if he believed that one was necessary.

On July 9, 2020, Plaintiff sent a written communication to the Board of School Directors which made many allegations against the District, and, in sum, incorrectly alleged that the District "forced" Plaintiff out of her position.  Dr. Kim responded to the Plaintiff's letter later on July 9, 2020, reminding Plaintiff that, as Dr. Kim had previously indicated, Plaintiff had a right to both a Loudermill hearing and potentially a disciplinary hearing before the Board of School Directors.  Dr. Kim also sought clarification regarding Plaintiff's earlier communication and if Plaintiff intended for that communication to constitute a resignation.  Dr. Kim notified Plaintiff that the District intended to again schedule the Loudermill meeting for July 13, 2020.  The

District subsequently received a communication from an individual alleging to represent Plaintiff on July 12, 2020, and that individual also alleged that the District "forced" Plaintiff to resign.

Plaintiff failed to attend the July 13, 2020 meeting, and Dr. Kim reached out to her again on July 13, 2020, attempting to schedule a third Loudermill meeting and reminding Plaintiff that she was still an employee of the District until the Board approved a resignation or dismissed her. Dr. Kim noted that if Plaintiff again failed to attend the July 14, 2020 meeting then Dr. Kim would interpret the Plaintiff's continued lack of response to constitute an intention to resign, and as a result, would place the resignation before the Board for approval at the next public meeting with an effective date of July 14, 2020. Plaintiff again failed to attend the July 14, 2020 meeting, and her resignation was placed on a July 16, 2020 agenda. The Board of School Directors approved Plaintiff's resignation during the July 16, 2020 meeting.

3. Denied as legal conclusions. By way of further answer, North Penn School District Board policies are written documents which speak for themselves and any attempt to characterize the same is hereby denied.

4. Denied. Plaintiff was placed on paid on administrative leave on June 25, 2020, while District Administration further investigated the social media post and determined if the post would result in a recommendation of discipline. Plaintiff was never told that she "was a racist" or that she should "start looking for a new job," therefore, those allegations are denied.

5. Denied as stated. The District issued a statement on June 26, 2020, which never identified Plaintiff by name, title, or position. The statement is a written document which speaks for itself and any attempt to characterize the same is hereby denied. The remaining allegations in this paragraph are denied as conclusions of law.

6.      Denied as legal conclusions.  By way of further answer, the District does not consider the "political" or "wing" affiliation of prospective employees when making recommendations for hire.  In addition, the Defendants lack the knowledge or information sufficient to determine what Plaintiff's use of the term "monopoly on the truth" and "acceptable political commentary" means, therefore, those allegations are denied.

7.      Denied as vague and confusing.

8.      Denied as legal conclusions.

9.      Denied as legal conclusions.

10.     Denied as legal conclusions.  By way of further answer, "Bennett became a pariah overnight" is denied as vague and confusing.

11.     Denied as legal conclusions.

12.     Denied as legal conclusions.  By way of further answer, "Exhibit 6" is a cherry - picked reference from notes which were taken by Dr. Carlin, a third-party to a meeting, the contents of which were never verified by any meeting participant.

13.     Denied as a legal conclusion.

14.     Denied as a legal conclusion.  By way of further answer, Plaintiff resigned effective July 14, 2020, and this resignation was approved by the Board of School Directors on July 16, 2020.  *See* the Defendants' Answer to Paragraph No. 2.

15.     Denied as legal conclusions.

16.     Denied as legal conclusions.

17.     Denied as legal conclusions.

18.     Denied as legal conclusions.

19.     Admitted in part, denied in part.  The Defendants admit that Plaintiff made a Facebook post on June 24, 2020, at 9:39 pm.  After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph related to the circulation of this post, what device the post was made from, or what the Plaintiff was doing when the post was made, therefore, those allegations are denied.

20.     Denied as stated.  The post is a written document which speaks for itself and any attempt to characterize the same is therefore denied.

21.     Denied as legal conclusions.  By way of further answer, after reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph related to the claim that "The repost expressed opinions shared by many, many Americans of all creeds," therefore, that allegation is denied.

22.     Denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

23.     Denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

24.     Denied as legal conclusions.

25.     Denied.  The District's policies are written documents which speak for themselves and any attempt to characterize the same is therefore denied.  The remaining allegation in this paragraph regarding what the District should or should not have done is denied as a legal conclusion.

26.     The allegation that "North Penn and its officials immediately joined in and targeted one of their own" is denied as a conclusion of law.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

27.     Denied.  On June 25, 2020, Plaintiff was instructed to maintain the confidentiality of the matter because the District was investigating the concerns which community members and employees made regarding the nature of the Plaintiff's post.  Plaintiff was further reminded not to retaliate against anyone whom she believed may have made a complaint against her due to the post.  The remaining allegations in this paragraph are denied as legal conclusions related to the inapplicable Educator Discipline Act, 24 P.S. §§ 2070.1a, et seq.

28.     Denied as legal conclusions.

29.     Denied as legal conclusions.

30.     Denied.  On or about June 25, 2020, District Director of Communications, Christine Liberaski, and other members of the administrative team and Board of Directors received an inquiry from "North Penn Now" requesting specific information regarding alleged comments posted by an administrative employee.  The administration responded to these questions through Director Liberaski, and Dr. Kim's sole involvement related to providing the administrative employee's current status: "paid administrative leave pending an investigation." By way of further answer, allegations within this paragraph seemingly related to the "knowledge, supervision, and ratification" of any statements by "all other defendants" is vague, confusing, and therefore denied.

31.     Denied as legal conclusions.

32.     Denied as legal conclusions.  By way of further answer, any formal statement issued by the District is a written document which speaks for itself and any attempt to characterize the same is therefore denied.

33.     Denied as legal conclusions.  By way of further answer, any formal statement issued by the District is a written document which speaks for itself and any attempt to characterize the same is therefore denied.

34.     Denied as legal conclusions.  By way of further answer, any article published by "North Penn Now" is a written document which speaks for itself and any attempt to characterize the same is therefore denied.

35.     Denied as legal conclusions.  By way of further answer, any article published by "North Penn Now" is a written document which speaks for itself and any attempt to characterize the same is therefore denied.

36.     Denied.  *See* the Defendants' answer to Paragraph No. 30.

37.     Upon information and belief, the allegations in this paragraph are denied.

38.     Denied as legal conclusions.

39.     Denied as legal conclusions.

40.     Denied as legal conclusions.

41.     Denied as legal conclusions.

42.     Denied as legal conclusions.  By way of further answer, *see* the Defendants' answer to Paragraph No. 27.

43.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph which pertain to Plaintiff's beliefs, opinions, or perceptions on the morning of June 26, 2020, therefore, the allegations in this paragraph are denied.

44.     Denied as legal conclusions.

45.     Denied as stated.  *See* the Defendants' answer to Paragraph No. 2.  The remaining allegations in this paragraph regarding alleged "consciousness of guilt" and "conscience shocking" behavior are denied as legal conclusions.

46.     Denied as legal conclusions.  By way of further answer, *see* the Defendants' answer to Paragraph No. 27.

47.     Denied as legal conclusions.

48.     Denied as legal conclusions.

49.     Denied.  *See* the Defendants' answer to Paragraph No. 2.

50.     Denied as legal conclusions.

51.     Denied as legal conclusions.

52.     Admitted in part, denied in part.  The Defendants admit that Dr. Kim and Dr. Arney met with Plaintiff on June 29, 2020, June 30, 2020, and July 1, 2020.  The allegations in this paragraph regarding the content of Dr. Kim and Dr. Arney's discussions with Plaintiff are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.  By way of further answer, the allegations in this paragraph regarding "threats" and "due process requirements" are denied as legal conclusions.

53.     Denied.  The allegations in this paragraph regarding the purpose of Dr. Kim and Dr. Arney's meetings with Plaintiff are denied as legal conclusions.  By way of further answer, the allegations in this paragraph regarding the contents of Dr. Kim and Dr. Arney's discussions with Plaintiff are denied as stated. *See* the Defendants' answer to Paragraph No. 2.

54.     Denied as legal conclusions.

55.     Denied.  The allegations in this paragraph regarding the content of Dr. Kim and Dr. Arney's discussions with Plaintiff are denied as stated. *See* the Defendants' answer to

Paragraph No. 2.  By way of further answer, the allegations in this paragraph regarding "express admissions" are denied as legal conclusions.

56.     Denied.  The allegations in this paragraph regarding the content of Dr. Kim and Dr. Arney's discussions with Plaintiff are denied as stated. *See* the Defendants' answer to Paragraph No. 27.

57.     Denied as legal conclusions.  By way of further answer, *see* the Defendants' answer to Paragraph No. 2.

58.     Denied as legal conclusions.

59.     Denied as stated.  By way of further answer, see the Defendants' answer to Paragraph No. 2.

60.     Denied as legal conclusions.  By way of further answer, *see* the Defendants' answer to Paragraph No. 2.

61.     Denied as legal conclusions.  By way of further answer, see the Defendants' answer to Paragraph No. 2.

62.     Denied as legal conclusions.

63.     Denied as a legal conclusion.

64.     Denied as legal conclusions.  By way of further answer, *see* the Defendants' answer to Paragraph Nos. 2 and 12.

65.     Denied as stated.  By way of further answer, see the Defendants' answer to Paragraph Nos. 2 and 12.

66.     Denied.  *See* the Defendants' answer to Paragraph Nos. 2, 12 and 27.

67.     Denied as legal conclusions.

68.     Denied.  *See* the Defendants' answer to Paragraph Nos. 2, 12 and 27.

69.     Denied.  *See* the Defendants' answer to Paragraph Nos. 2, 12 and 27.  By way of further answer, the allegations in this paragraph are also denied as legal conclusions.

70.     Denied as legal conclusions.

71.     Denied as legal conclusions.

72.     Denied as legal conclusions.

73.     Denied as legal conclusions.  *See* the Defendants' answer to Paragraph No. 2.

74.     Denied.  *See* the Defendants' answer to Paragraph No. 2.

75.     Denied as legal conclusions.

76.     Denied as a legal conclusion.

77.     Denied. The Defendants never characterized Plaintiff as "some irredeemable racist opposed to diversity."

78.     Denied.  After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph regarding Plaintiff "repeatedly voicing concerns."  By way of further answer, during Plaintiff's meeting with Dr. Kim and Dr. Arney, Plaintiff stated that she believed there were occurrences which did not align with the District's core values, and that if Plaintiff was "going down" then she planned to share these occurrences with the Board.

79.     Denied as stated.  In January of 2020, multiple candidates applied for an open Special Education Supervisor position.  Multiple factors, including those which Plaintiff was not privy to, were considered when central administration made recommendations for hire.  By way of further answer, these discussions and considerations occurred outside of Plaintiff's presence and amongst central administrators.

80.     Denied.  The only conversation that Dr. Rufo recalls having with Plaintiff regarding an individual whose initials are P.W. was several months after the District's initial interviews for a special education supervisor position were conducted.  During that conversation, Plaintiff shared that she had applied for a position with the Spring-Ford Area School District. Plaintiff further informed Dr. Rufo that she (Plaintiff) did not get the job, but another candidate whose initials are P.W., was chosen.  Upon information and belief, Dr. Rufo recalls Plaintiff stating that Plaintiff "couldn't compete" with P.W. because of P.W.'s race.

81.     Denied as stated.  In or around the spring of 2020, then-District Director of Special Education, Ruth Desiderio, Principal Seidenberger, and Plaintiff conducted interviews in a conference room which is across the hall from Dr. Bauer's office.   Plaintiff repeatedly made disparaging comments aimed at central administration's recent decision to transfer a principal into the role of special education supervisor.  These comments made at least one listener feel uncomfortable, and after Plaintiff continued to make these types of comments, Dr. Bauer entered the room and stated that he was "sorry to do this in front of your (Plaintiff) new boss, but I can no longer sit here and continue to listen to your negativity and lack of professionalism."  Dr. Bauer also corrected comments the Plaintiff made regarding the fact that the recently transitioned employee's principal certification also qualified the employee to supervise special education. Only Plaintiff, Director Desiderio, and Dr. Bauer were in the room when this conversation occurred, and Dr. Bauer never spoke to Plaintiff regarding any candidate with the initials of P.W. during this conversation.

82.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, therefore, the allegations are denied.

83.     Denied as stated.  Dr. Arney was appointed the interim Director of Special Education in or around March of 2020 due to the District's desire to stabilize the position while the search for a new Director was conducted.  Dr. Arney previously served as both a Superintendent and Assistant Superintendent in other school districts, and he was selected for this interim position based on his demonstrated history of leadership.

84.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, therefore, the allegations are denied.

85.     Denied as stated.  *See* the Defendants' answers to Paragraph Nos. 78-83.

86.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, therefore, the allegations are denied.

87.     The allegations in this paragraph regarding Plaintiff being a "good person" is vague, confusing, and therefore denied.  By way of further answer, the remaining allegations in this paragraph are also denied.  *See* the Defendants' answers to the preceding paragraphs.

88.     The allegations in this paragraph regarding "adults on the other side of the political divide can still be fundamentally good people despite having disagreements on many issues" is vague, confusing and therefore denied.

89.     Denied as legal conclusions.

90.     Denied as legal conclusions.

91.     Denied as legal conclusions.

92.     Denied as legal conclusions.

93.     Denied.  *See* the Defendants' answer to Paragraph No. 2.

94.     Denied as legal conclusions.

95.     Denied as legal conclusions.

96.     Denied as a legal conclusion.

97.     Denied as a legal conclusion.

98.     Denied as a legal conclusion.

99.     Denied as stated.  Any correspondence which was drafted by Plaintiff is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.  The Defendants deny the Plaintiff's assertions in the writing and in this paragraph of the complaint.  *See* the Defendants' answer to Paragraph No. 2.

100.     After reasonable investigation, the Defendants lacks the knowledge or information sufficient to form a belief as to what Plaintiff's thoughts were therefore the allegations in this paragraph are denied.

101.     Denied as stated.  The correspondence drafted by Dr. Kim is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.

102.     Denied.  *See* the Defendants' answer to Paragraph No. 2.

103.     The allegations in this paragraph regarding the July 9, 2020 correspondence sent by Dr. Kim to Plaintiff are denied as legal conclusions.  In addition, the allegation that "at no point was Plaintiff ever told of the charge against her" is denied.  *See* the Defendants' answer to Paragraph No. 2.

104.     Denied. The correspondence drafted by Dr. Kim is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.

By way of further answer, the remaining allegations in this paragraph are denied as legal conclusions.

105.    Denied as legal conclusions.

106.    Denied as legal conclusions.

107.    Denied.  The correspondence drafted by Plaintiff is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied. By way of further answer, the Defendants deny Plaintiff's characterizations within the writing and this paragraph.

108.    Denied as legal conclusions.

109.    Denied. The correspondence drafted by Dr. Kim is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied. By way of further answer, the remaining allegations in this paragraph are denied as legal conclusions.

110.    Denied as legal conclusions.

111.    After reasonable investigation, the Defendants lacks the knowledge or information sufficient to form a belief regarding the allegations in this paragraph therefore they are denied.  By way of further response, to this point, the District was under the impression that Plaintiff was already represented Counsel whom had been communicating on Plaintiff's behalf.

112.    Denied.  The correspondence drafted by Counsel is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied. By way of further answer, the Defendants deny Counsel's characterizations within the writing and this paragraph.

113.     Denied as legal conclusions.  By way of further answer, any correspondence drafted by Dr. Kim is a written document the contents of which speaks for itself and any attempt to characterize the same is therefore denied.

114.     Denied as legal conclusions.

115.     Denied as legal conclusions.  By way of further answer, *see* the Defendants' answer to Paragraph No. 2.

116.     Denied.  The allegations in this paragraph regarding the behavior of the Defendants is denied as legal conclusions.  By way of further answer, the correspondence drafted by Counsel is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.  The Defendants deny Counsel's characterizations within the writing and this paragraph.

117.     Denied as legal conclusions.

118.     Denied.  The correspondence drafted by Counsel is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.  The Defendants deny Counsel's characterizations within the writing and this paragraph.

119.     The correspondence drafted by Counsel is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.  The Defendants deny Counsel's characterizations within the writing and this paragraph.

120.     Denied as legal conclusions.

121.     Denied. The correspondence drafted by Dr. Kim is a written document the contents of which speak for itself and any attempt to characterize the same is therefore denied.

122.     Denied as legal conclusions.

123.     Denied as legal conclusions.

124.     Denied as legal conclusions.

125.     Denied as legal conclusions.

126.     Denied as legal conclusions.

127.     Denied as legal conclusions.

128.     Denied as legal conclusions.

129.     Denied as legal conclusions.

130.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the allegations in this paragraph therefore they are denied.

131.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the allegations in this paragraph therefore they are denied.

132.     After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the allegations in this paragraph regarding what jobs Plaintiff is "continuing to apply for" therefore they are denied.  By way of further answer, the Defendants deny that they "ruined" Plaintiff's career.  *See* the Defendants' answers to the preceding paragraphs.

133.     Denied as legal conclusions.

134.     Denied as legal conclusions.

## Parties

135.     Denied as stated.  The Defendants admit that Plaintiff resides, upon information and belief, in Pottstown, Pennsylvania; however, Plaintiff was employed as a Special Education Supervisor (there are currently eight) within the North Penn School District since August of 2013.  By way of further answer, after reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations regarding

what teaching certifications the Plaintiff currently holds.  In addition, the allegations in this paragraph regarding Plaintiff's "tenured" status or the bases by which Plaintiff could be "fired" are denied as a legal conclusions.

136.   Denied as stated.  The North Penn School District is comprised of three boroughs, four townships and one village. *See* https://www.npenn.org/cms/one.aspx?pageId=21818279. Moreover, the Plaintiff was employed by the District as a Supervisor of Special Education from August 20, 2013, until July 14, 2020, the effective date of her resignation.

137.   Denied as stated.  The Board of Directors is the governing body of the North Penn School District; however, the boundaries of the District extend beyond Lansdale, Pennsylvania. *See*  https://www.npenn.org/cms/one.aspx?pageId=21818279.

138.   Admitted in part, denied in part.  The Defendants admit that Dr. Kim was the Director of Human Resources in June and July of 2020, and that she is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

139.   Admitted in part, denied in part.  The Defendants admit that Dr. Arney was the Interim Director of Special Education in June and July of 2020, and that he is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

140.   Admitted in part, denied in part.  The Defendants admit that Dr. Dietrich was the Superintendent for the North Penn School District in June and July of 2020, and that he is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

141.    Admitted in part, denied in part.  The Defendants admit that Ms. Liberaski was the Director of School and Community Engagement for the North Penn School District in June and July of 2020, and that she is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

142.    Admitted in part, denied in part.  The Defendants admit that President Stoll was the President of the Board of School Directors of the North Penn School District in June and July of 2020, and that she is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

143.    Admitted in part, denied in part.  The Defendants admit that Vice President Fusco was the Vice President of the Board of School Directors of the North Penn School District in June and July of 2020, and that he is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

144.    Admitted in part, denied in part.  The Defendants admit that Dr. Gee was a Director of the North Penn School District in June and July of 2020, and that she is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

145.    Admitted in part, denied in part.  The Defendants admit that Mr. Kassa was a Director of the North Penn School District in June and July of 2020, and that he is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

146.    Admitted in part, denied in part.  The Defendants admit that Dr. Lewis-Campbell was a Director of the North Penn School District in June and July of 2020, and that she is a

resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

147.    Admitted in part, denied in part.  The Defendants admit that Mr. MacBain was a Director of the North Penn School District in June and July of 2020, and that he is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

148.    Admitted in part, denied in part.  The Defendants admit that Ms. Ramić was a Director of the North Penn School District in June and July of 2020, and that she is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

149.    Admitted in part, denied in part.  The Defendants admit that Mr. Roesch III was a Director of the North Penn School District in June and July of 2020, and that he is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

150.    Admitted in part, denied in part.  The Defendants admit that Ms. Wesley was a Director of the North Penn School District in June and July of 2020, and that she is a resident of Pennsylvania.  The remaining allegations in this paragraph are denied as stated.  *See* the Defendants' answer to Paragraph No. 2.

151.    Denied.  The Defendants deny that thirteen (13) individuals named as Defendants in both their individual and official capacities can properly be identified as add-ons to the political subdivision which is also named as a Defendant in the same action without further distinction by the Plaintiff.

152.    Denied.  The Defendants deny that Plaintiff was "disciplined" on June 25, 2020.

To the contrary, Plaintiff was placed on paid administrative leave pending the results of an

investigation.  By way of further answer, no "discipline" of Plaintiff was ever publicly disclosed

nor was Plaintiff mentioned by name in any District-issued statements.  In addition, the only

individuals aware of the status of Dr. Kim's investigation were Dr. Kim, Dr. Arney, Dr. Dietrich,

Dr. Carlin, Dr. Rufo, and Dr. Bauer. *See* the District's Answer to Paragraph No. 2.

153.    Denied as legal conclusions.

154.    Denied as legal conclusions.

155.    (a)-(g) denied as legal conclusions.

156.    Denied as legal conclusions.

157.    Denied as legal conclusions.

158.    Denied as legal conclusions.

159.    Denied as legal conclusions.

**Jurisdiction and Venue**

160.    The allegations in this paragraph are moot as the matter has been removed to the

Federal District Court for the Eastern District of Pennsylvania.

161.    The allegations in this paragraph are moot as the matter has been removed to the

Federal District Court for the Eastern District of Pennsylvania.

162.    Denied as a legal conclusion.

**COUNT I- First Amendment Free Speech Retaliation For Private Political
Expression
(All Defendants)**

163.    The allegations in this paragraph are moot as the matter has been removed to the

Federal District Court for the Eastern District of Pennsylvania.

164.   Denied as legal conclusions.

165.   Denied as legal conclusions.

166.   Denied as legal conclusions.

167.   Denied as a legal conclusion.

168.   Denied as legal conclusions.

169.   Denied as legal conclusions.

170.   Denied as legal conclusions.

171.   Denied as legal conclusions.

172.   Denied as legal conclusions.

173.   Denied as legal conclusions.

174.   Denied as legal conclusions.

175.   Denied as a legal conclusion.

176.   Denied as legal conclusions.

177.   Denied as a legal conclusion.

178.   Denied as a legal conclusion.

179.   Denied as a legal conclusion.

180.   Denied.  *See* the Defendants' answer to Paragraph No. 2.

181.   Denied as legal conclusions.

182.   (a)-(z) denied as legal conclusions.

183.   Denied as legal conclusions.

184.   Denied as a legal conclusion.

185.   Denied as legal conclusions.

186.   Denied as legal conclusions.

187.   Denied as legal conclusions.

188.   Denied as legal conclusions.

189.   Denied as legal conclusions.

190.   Denied as legal conclusions.

191.   Denied as legal conclusions.

192.   Denied as legal conclusions.

193.   Denied as legal conclusions.

194.   Denied as legal conclusions.

195.   Denied as a legal conclusion.

196.   Denied as a legal conclusion.

197.   Denied as legal conclusions.

198.   Denied as a legal conclusion.

199.   Denied as legal conclusions.

200.   Denied.  *See* the Defendants' answer to Paragraph No. 2.

201.   Denied as legal conclusions.

202.   Denied as legal conclusions.

203.   Denied as legal conclusions.

204.   Denied as legal conclusions.

205.   Denied as legal conclusions.

206.   Denied as legal conclusions.

207.   Denied as legal conclusions.

208.   Denied as legal conclusions.

209.   Denied as legal conclusions.

210.    Denied as legal conclusions.

211.    Denied as legal conclusions.

212.    Denied as legal conclusions.

213.    (a) denied as legal conclusions.

214.    Denied as legal conclusions.

215.    Denied as legal conclusions.

216.    Denied as legal conclusions.

217.    Denied.  After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph related to what positions Plaintiff may have applied to since resigning from the District.  By way of further answer, the allegation in this paragraph regarding Plaintiff's ability to mitigate damages is denied as a legal conclusion.

218.    Denied as legal conclusions.

219.    Denied as legal conclusions.

### COUNT II- First Amendment Retaliation for Political Affiliation
**(All Defendants)**

220.    Defendants incorporate their answers to the foregoing paragraphs as if fully set forth herein.

221.    Denied as legal conclusions.

222.    Denied as a legal conclusion.

223.    Denied as a legal conclusion.

224.    Denied as legal conclusions.

225.    (a)-(f) denied as legal conclusions.

226.     Denied as stated.  Each Board member's political affiliation is readily available by way of public record and therefore, any attempt to characterize the same is therefore denied. By way of further answer, the allegation in this paragraph that "North Penn School District personnel and culture are overwhelmingly liberal and democratic" is vague, confusing and therefore denied.

227.     Denied as legal conclusions.

228.     Denied as legal conclusions.

229.     Denied as legal conclusions.

230.     Denied as legal conclusions.

231.     Denied as legal conclusions.

232.     Denied as legal conclusions.

## COUNT III- Procedural Due Process Violations
### (All Defendants)

233.     Defendants incorporate their answers to the foregoing paragraphs as if fully set forth herein.

234.     Denied as legal conclusions.

235.     (a)-(c) admitted in part, denied in part.  Defendants admit that Plaintiff alleges three types of due process violations; Defendants deny that any such violations have been committed.

236.     Denied as a legal conclusion.

237.     Denied as legal conclusions.

238.     Denied as legal conclusions.

239.     Denied as a legal conclusion.

240.    Denied as legal conclusions.

241.    Denied as legal conclusions.

242.    (a)-(e) denied as legal conclusions.

243.    Denied as legal conclusions.

244.    Denied as legal conclusions.

245.    Denied as legal conclusions.

246.    Denied as legal conclusions.

247.    Denied as legal conclusions.

248.    Denied as legal conclusions.

249.    Denied as legal conclusions.

250.    Denied as legal conclusions.

251.    Denied as legal conclusions.

252.    Denied as legal conclusions.

253.    Denied as legal conclusions.

254.    Denied as legal conclusions.

255.    Denied as legal conclusions.

256.    Denied as legal conclusions.

257.    Denied as legal conclusions.

258.    Denied as legal conclusions.

259.    Denied as legal conclusions.

260.    Denied as legal conclusions.

261.    Denied as legal conclusions.

262.    Denied as legal conclusions.

263.    Denied as legal conclusions.

264.    Denied as legal conclusions.

265.    Denied as legal conclusions.

266.    Denied as legal conclusions.

267.    Denied as legal conclusions.

268.    Denied as legal conclusions.

269.    Denied as legal conclusions.

270.    Denied as a legal conclusion.  By way of further answer, any statement issued by the District is a written document which speaks for itself and any attempt to characterize the same is hereby denied.

271.    Upon information and belief, the allegations in this paragraph are denied.

272.    Denied as legal conclusions.

273.    Denied as a legal conclusion.

274.    Denied as legal conclusions.

275.    Denied as legal conclusions.

276.    Denied as legal conclusions.

277.    Denied as legal conclusions.

278.    Denied as legal conclusions.

279.    Denied as legal conclusions.

280.    Denied as legal conclusions.

281.    Denied as legal conclusions.

282.    Denied as legal conclusions.

283.    Denied.  *See* the Defendants' answer to Paragraph Nos. 78-82.

284.    Denied.  See the Defendants' answer to Paragraph Nos. 78-82.

285.    Denied.  See the Defendants' answer to Paragraph Nos. 78-82.

286.    Denied.  See the Defendants' answer to Paragraph Nos. 78-82.

287.    Denied.  See the Defendants' answer to Paragraph Nos. 78-82.

288.    After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, therefore, it is denied.

289.    After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph, therefore, it is denied.

290.    After reasonable investigation, the Defendants lack the knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph related to Plaintiff's intentions, therefore, the allegations are denied.

291.    The allegations in this paragraph regarding Plaintiff being a "good person" is vague, confusing, and therefore denied.  By way of further answer, the remaining allegations in this paragraph are also denied.

292.    The allegations in this paragraph regarding "adults on the other side of the political divide can still be fundamentally good people despite having disagreements on many issues" is vague, confusing, and therefore denied.

293.    Denied as legal conclusions.

294.    Denied as legal conclusion.

295.    Denied as legal conclusions.

296.    Denied as legal conclusions.

297.   Denied as legal conclusions.


Date:  March 17, 2022                    **By: /s/ Justin D. Barbetta**
                                         JUSTIN D. BARBETTA, ESQUIRE
                                         Attorney ID: 318221
                                         460 Norristown Road, Suite 110
                                         Blue Bell, PA  19422
                                         (610) 825-8400
                                         Attorneys for Defendants,
                                         North Penn School District, et al.


## **RELIEF REQUESTED**

**WHEREFORE,** the Defendants requests that this Court deny Plaintiff's requested relief

(a-j) and enter judgment in their favor.


Date:  March 17, 2022                    **By: /s/ Justin D. Barbetta**
                                         JUSTIN D. BARBETTA, ESQUIRE
                                         Attorney ID: 318221
                                         460 Norristown Road, Suite 110
                                         Blue Bell, PA  19422
                                         (610) 825-8400
                                         Attorneys for Defendants,
                                         North Penn School District, et al.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff fails to state a claim for which relief may be granted.

2.     Plaintiff has failed to mitigate her damages.


Date:  March 17, 2022               **By:  /s/ Justin D. Barbetta**
                                    JUSTIN D. BARBETTA, ESQUIRE
                                    Attorney ID: 318221
                                    460 Norristown Road, Suite 110
                                    Blue Bell, PA  19422
                                    (610) 825-8400
                                    Attorneys for Defendants,
                                    North Penn School District, et al.